IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.    Case Nos.:   1:12cr35/MW/GRJ
                    1:13cv252/MW/GRJ

TODD EDWARD ALDRIDGE

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. (doc. 48.)  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, the undersigned concludes that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant was charged on August 28, 2012 in a single count indictment with failure to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, in violation of 18 U.S.C. § 2250(a). (doc. 1.)  Defendant filed a *pro se* motion to dismiss the indictment (doc. 7), which was

stricken upon motion by the Government because he was represented by counsel. (docs. 8, 14.) Counsel did not refile the motion to dismiss.

Defendant entered a plea of guilty before the undersigned on February 6, 2013 pursuant to a written plea agreement and statement of facts. (*see* docs. 31–34.) In the statement of facts, Defendant admitted that on October 7, 1999 he was convicted of the Tier 1 offense Attempted Criminal Sexual Conduct Fourth Degree (Force or Coercion) in the 86th District Court, Traverse City Michigan. (doc. 33 at 1.) Defendant also admitted that following his release he was required to register annually as a sex offender for a period of 15 years, with his registration requirement ending on December 1, 2014, and that he is required to register under SORNA. (*id*.) In May of 2003, Defendant was arrested in Michigan for failure to comply with his reporting duties. (*id*.) In October of 2011, Defendant registered a change of address in Utah at which time he completed and signed a registration form acknowledging his duty to report, within three days, any change in residence, vehicle, employment or education. (*id*. at 1–2.) Between October 22, 2011 and July 16, 2012,[1] Defendant traveled in interstate commerce by moving from Utah to Florida, where he was working in the Gainesville area from July 16, 2012 through August 8, 2012. (*id*. at 2.) After investigation, law enforcement confirmed that Defendant had failed to register in Florida as a sex offender, and Defendant admitted same after having been advised of his Miranda rights. (*id*.)

---

[1] There is a typographical error in the statement of facts, which identifies the date range as "October 22, 2011 and July 16, 2011." (doc. 33 at 2.)

The statement of facts identified the elements of the offense to which Defendant pleaded guilty as follows:

One:   The defendant was required to register under the Sex Offender Registration and Notification Act;

Two:   The defendant traveled in interstate or foreign commerce during the time in which he was required to register; and

Three: Defendant knowingly failed to register or keep his registration current as required by the Sex Offender Registration and Notification Act during the time in which he was required to register

(doc. 33 at 3.) After a thorough plea colloquy, the undersigned recommended that the Defendant's guilty plea be accepted. (doc. 34.) The district judge adopted the recommendation (doc. 35), and on May 29, 2013 the district judge sentenced Defendant to a term of 15 months imprisonment. (docs. 46, 47.) Defendant did not appeal.

In the instant motion to vacate, Defendant makes two arguments in support of his contention that he is actually innocent of the violation of 18 U.S.C. § 2250.[2] First, he claims that the registration requirement of SORNA does not apply to his conviction, because it occurred prior to the enactment of SORNA. Second, Defendant contends that SORNA does not apply to his conviction because his conviction arose under state law. Defendant's interpretation of controlling case law is wrong, and his motion is due to be denied.

---

[2] A guilty plea waives all non-jurisdictional defects in the proceedings. United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003). Defendant's characterization of his claims as a challenge to the court's "jurisdiction" appears to be an attempt to circumvent that bar.

Under § 2250(a), an individual who (1) is required to register under SORNA, (2) travels in interstate or foreign commerce and (3) knowingly fails to register in the new location may face up to ten years imprisonment. The Supreme Court clarified in Carr v. United States, 560 U.S. 438 (2010) that the three elements must be met in sequence. That means a defendant must first become subject to the registration requirements, and then travel and then fail to register. 560 U.S. at 447. Defendant in this case argues that the provisions of SORNA do not apply to him, because his 1999 conviction predated the effective date of SORNA. This position is foreclosed by circuit precedent, which expressly recognizes SORNA's retroactivity to sex offenders convicted prior to SORNA's enactment. United States v. Madera, 528 F.3d 852, 857 (11th Cir. 2008) (citing *Applicability of the Sex Offender Registration and Notification Act*, 72 Fed.Reg. 8894, 8896)).

Defendant's second contention, that SORNA does not apply to individuals such as himself who have otherwise qualifying state, rather than federal, convictions is likewise without merit. Criminal liability for failure to register requires either a federal conviction or, in defendant's case, interstate travel. 18 U.S.C. § 2250(2). Even the cases cited by Defendant involve state convictions. *See*, Carr, *supra* (defendant convicted under Alabama law); United States v. Beasley, 636 F.3d 1327 (11th Cir. 2011) (defendant convicted under Mississippi law); *see also* Madera, *supra* (defendant convicted under New York law); United States v. Dumont, 555 F.3d 1288 (11th Cir. 2009) (defendant convicted under Rhode Island law), *overruled on other grounds by* Carr. Individuals convicted of state sex crimes "who never leave the state in which they

were convicted are not subject to criminal penalties under § 2250(a)." <u>United States v. Carel</u>, 668 F.3d 1211 (10th Cir. 2011) (internal quotation omitted). Because, however, Defendant engaged in interstate travel, the registration requirements of SORNA apply to him, and his motion is due to be denied.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 48) should be **DENIED**.

Case Nos.: 1:12cr35/MW/GRJ; 1:13cv252/MW/GRJ

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of December, 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).